IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MITCHELL J. ENOS                                                                                           PLAINTIFF

        v.                              Civil No. 07-5062

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

      Plaintiff, Mitchell Enos, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## Procedural Background

      The plaintiff filed his applications for DIB and SSI on February 10, 2005, alleging an onset date of January 1, 2004, due to a back injury, a broken collar bone, broken ribs, and dizziness. (Tr. 57-58).  His application was initially denied and that denial was upheld upon reconsideration. (Tr. 37, 24-26, 142-143).  Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ).  An administrative hearing was held on May 12, 2006.  Plaintiff was present and represented by counsel.

At this time, plaintiff was 43 years of age and possessed an eleventh grade education. (Tr. 12, 163). He had past relevant work ("PRW") as a machine operator and an inventory control and production scheduler at a manufacturing plant. (Tr. 12, 164-166, 398).

On July 12, 2006, the ALJ found that plaintiff had a combination of severe impairments, but he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 20). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to perform a significant range of medium work, limited by his inability to climb ropes, ladders, or scaffolds, or work near unprotected heights or around dangerous equipment/machines. With the assistance of a vocational expert, the ALJ then concluded that plaintiff could perform work as a janitor, maid, or a packager. (Tr. 21).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on January 31, 2007. (Tr. 3-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

AO72A
(Rev. 8/82)

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

**Discussion**

In the present case, plaintiff submitted to the Appeals Council a mental status exam and evaluation of adaptive functioning report prepared by Dr. Cara Hartfield dated September 5, 2006. (Tr. 148-152). The record indicates that plaintiff first requested a mental status evaluation on May 17, 2005, and then reinstated his request at the administrative hearing. (Tr. 204). The ALJ agreed to take it under consideration, but failed to make a finding on the record. We note, however, that the record does not contain a court ordered evaluation.

When a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. *Id.* Evidence obtained after an ALJ decision is material if it related to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).

Once it is clear that the Appeals Council has considered newly submitted evidence, we do not evaluate the Appeals Council's decision to deny review. Instead, our role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g., Nelson,* 966 F.2d at 366, and *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir. 1992). Of necessity, that means that we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing. We consider this to be a peculiar task for a reviewing court. *See Riley v. Shalala*, 18 F.3d 619, 622(8th Cir. 1994).

On September 5, 2006, plaintiff underwent a Mental Status Exam and Evaluation of Adaptive Functioning with Dr. Cara Hartfield, a clinical psychologist. (Tr. 147-152). Dr. Hartfield noted that plaintiff was relaxed with a slightly depressed affect. (Tr. 149). He reported experiencing nightmares and flashbacks of his car accident once every two to three months. Plaintiff also complained of increased irritability, depression, and some paranoid thoughts. In

AO72A
(Rev. 8/82)

addition, plaintiff stated that he was experiencing a decreased appetite, had lost 15 pounds in three months, was sleeping only 4 hours per night, and suffered from low energy and fatigue. (Tr. 150). Dr. Hartfield indicated that plaintiff was moderately limited with regard to concentration and persistence and exhibited a slow pace when completing test items. (Tr. 151,152). Her report states that plaintiff was socially withdrawn and did not complete personal responsibilities daily. Although divorced, plaintiff continued to reside with and depend on his ex-wife for support. As for his children, plaintiff indicated that the only child he saw daily was his youngest child because the "older ones" had "their own life." Accordingly, Dr. Hartfield diagnosed him with major depression and post traumatic stress disorder, and stated that his condition was not expected to improve within the next 12 months without treatment. (Tr. 152). It was Dr. Hartfield's conclusion that plaintiff was not mentally retarded, but that his level of adaptive functioning was "markedly impaired." (Tr. 152).

Without the benefit of this report, the ALJ concluded that plaintiff's mental impairment was non-severe. However, after reviewing the report in conjunction with the other evidence of record, we do not find that substantial evidence supports that determination. Step two of the evaluation states that a claimant is not disabled if his impairments are not "severe." *Simmons v. Massanari,* 264 F.3d 751, 754 (8th Cir. 2001); 20 C.F.R. § 416.920(a)(4). An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal

5

effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007).

The evidence before the ALJ does indicate that plaintiff had been prescribed Xanax in the past. (Tr.118). A controlled medication contract dated December 7, 2004, reflects that plaintiff was suffering from chronic pain or anxiety that necessitated a prescription for Vicodin ES. (Tr. 133). In 2005, he told his doctor that he was under increased stress. (Tr. 116-117). Then, at the administrative hearing, the Vocational Expert testified that if the plaintiff's ability to function outside the home affected his ability to be consistent in attendance at work and resulted in the need for unscheduled absences and to leave work early, this would eliminate the jobs he had indicated that plaintiff could still perform. Clearly, plaintiff's mental status and limitations, if found to be credible, would have an impact on plaintiff's ability to return to work. Accordingly, we believe that this matter should be remanded to the ALJ for consideration of Dr. Hartfield's report. On remand, the ALJ should also request that Dr. Hartfield complete a mental RFC to help discern plaintiff's true mental limitations.

In addition, we note that the record does not contain a physical RFC assessment to support the ALJ's conclusion that plaintiff could perform medium level work with limitations. *See Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003)(holding that an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace). As such, on remand, the ALJ should also obtain a physical RFC assessment from plaintiff's treating doctor.

AO72A
(Rev. 8/82)

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of January 2008.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE